UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE TRIBUZIO,

    Plaintiff,

v.

WILLIAM BEAUMONT HOSPITAL, et al.,

    Defendants.
_____/

CASE NO. 20-10716

HON. DENISE PAGE HOOD

**ORDER GRANTING PARTIAL MOTION TO DISMISS
COUNTS I AND II (ECF No. 13),
DENYING MOTION FOR RULE 11 SANCTIONS (ECF No. 15)
And
SETTING JOINT REPORT AND STATUS CONFERENCE DATES**

**I.  BACKGROUND**

On March 17, 2020, Plaintiff Lisa Tribuzio ("Tribuzio") filed a three Count complaint against Defendants William Beaumont Hospital ("Beaumont"), Cheryl Schultz, Rebecca Moody, Carol Schmidt, Peter Chen, and Jane Done (hereinafter "Beaumont" or "Beaumont Staff") alleging violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (Count I); Negligence (Count II); and age discrimination under the Michigan Elliott-Larsen Civil Rights Act ("ELCRA") MCL § 37.2101 (Count III). (ECF No. 1).

On July 15, 2020, Tribuzio amended her complaint and did not add any new parties. (ECF No. 6). On November 23, 2020, the Beaumont Defendants moved for partial dismissal as to Counts I and II of the amended complaint. (ECF No. 13). On December 22, 2020, the Beaumont Defendants moved for Rule 11 Sanctions. (ECF No. 15). On January 22, 2021, Tribuzio responded to both motions. (ECF Nos. 18 and 19). On February 5, 2021, replies to the responses were filed. (ECF No. 21 and 22).

Tribuzio was hired as a Nurse Anesthetist by Oakland University/Beaumont Hospital in January 1991. (ECF No. 6, PageID.65). In 1994, Beaumont started providing anesthesia at offsite settings. Tribuzio primarily worked the pediatric CAT scan and pediatric radiation oncology at Beaumont Royal Oak. (*Id*.). Over the years, Tribuzio received letters of recommendation from Beaumont Administrators and high-performance appraisals. (ECF No. 6, PageID.68).

Tribuzio left Beaumont from January 2006 to September 2008 to practice anesthesia in Sarasota, Florida (ECF No. 6, PageID.69). She returned to Royal Oak Beaumont in September 2008, at a lower pay grade, and was reinserted back into Beaumont's seniority roster as 155th in seniority, which was at the bottom of the list. (*Id*.) In 2014, Beaumont adjusted Tribuzio's health plan from "Executive" to "Nurse" and took away some of paid time off benefits; she was 50 years old at this time. (ECF No. 6, PageID.69-70).

In September of 2017, Beaumont reclassified all Certified Registered Nurse Anesthetists ("CRNAs"), (which included Tribuzio) from hourly to salary. (ECF No. 6, PageID.72). Also, in 2017, Beaumont rolled out its first interoperative radiation therapy ("IORT") program. (ECF No. 6, PageID.73). Beaumont did not assign any nurses to this new unit but instead, sought volunteers, Tribuzio did not volunteer. (ECF No. 6, PageID.75). However, on March 17, 2017, while heading into work, Tribuzio was unknowingly reassigned to an IORT procedure. (ECF No. 6, PageID.75). Tribuzio did not realize this until moments before the procedure started and could not leave. (*Id.*)

As the radiation machine was prepared by others in the room, Jane Doe asked Tribuzio "where is your dosimeter?" (ECF No. 6, PageID.76). Tribuzio stated that she did not have one and Jane Doe instructed her that it was hanging outside the room with her name on it (ECF No. 6, PageID.77). Next, the Beaumont staff started a 17-minute countdown as the radiation was happening. (*Id.*) The radiation doctor and Jane Doe stood at the end of the operating room with their backs against the blanket warmer, 15 feet or so away from the radiation beam with a shield in front of them. (*Id.*) They were wearing full body lead suits, thyroid shields, and lead glasses. (*Id.*) Without a thyroid shield and lead glasses, Tribuzio sat down wearing a lead vest that covered her shoulders and draped over her lap. (*Id.*) Facing the gas machine, Tribuzio was exposed to the radiation beam from behind and beneath. (*Id.*)

3

Later that day, Tribuzio started to feel diaphoretic, lightheaded, and her stomach was bloated. (ECF No. 6, PageID.79). Tribuzio headed home, her symptoms became worse, and her husband began researching articles on the internet related to radiation exposure. (ECF No. 6, PageID.80). Tribuzio called Cheryl Schultz, Beaumont's Radiation Safety Officer, who disagreed with her assessment that she was exposed to an unsafe level of radiation. (ECF No. 6, PageID.81). On March 20, 2017, Dr. Lewerenz diagnosed Tribuzio with acute radiation syndrome. Tribuzio entered the latent (hidden) phase on March 24, 2017. (*Id*.)

In February 2020, Beaumont rolled out a new communication platform called Mobile Heartbeat ("MHB") to replace its legacy system by the end of the month. (ECF No. 6, PageID.89). Beaumont provided two options to CRNAs, they could purchase a phone or let the hospital take their discretionary fund to buy shared devices, Tribuzio purchased her own phone and accessories. (*Id*.) On February 24, 2020, there was an issue with reviving a patient and Tribuzio complained about the new communication system. (ECF No. 6, PageID.93). Due to this incident, Tribuzio was suspended on February 25, 2020 and entered a stage of depression. (*Id*.) On March 17, 2020, Tribuzio filed this lawsuit. (ECF No. 6, PageID.94). Tribuzio returned to work on April 20, 2020 and on April 21, 2020 Tribuzio was laid off. (*Id*.)

## II. ANALYSIS

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level… ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see*

*LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Defendant's Motion for Partial Dismissal

Defendants seek dismissal of Counts I and II of the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Count I of Tribuzio's FLSA claim occurred more than two years (2017 and prior) before Tribuzio commenced this action (2020).

#### 1. *Count I, FLSA Violation*

In Count I of the Amended Complaint, Tribuzio alleges that Beaumont misclassified her status as an exempt salaried employee in 2017 after she had been previously classified non-exempt hourly employee and as a result Beaumont failed to compensate her for overtime, pay in violation of the FLSA, 29 U.S.C. § 216(b). Tribuzio argues that Beaumont was not allowed to retroactively reclassify Plaintiff (and other CRNAs) from hourly to salaried employees without providing Plaintiff with the proper notice and compensation for hours worked while classified as non-exempt.

Beaumont argues that the FLSA requires employers to pay employees at least the federal minimum wages and generally provides for payment of overtime premium pay for hours worked over 40 in workweek. Beaumont argues that the FLSA and regulations promulgated provide for a number of exceptions to the overtime requirements contained in §13(a)(1) of the Act. 29 U.S.C. § 213(a)(1); 29 CFR part 541. Specifically, an employee employed in a professional capacity (like Tribuzio) is exempt from the overtime provisions of the FLSA because, as a registered nurse she is a "learned professional." *Richardson v. Genesee County Community Mental Health Servs.*, 45 F. Supp. 2d 610 (E.D. Mich. 1999).

"The Fair Labor Standards Act of 1938 mandates that employers pay a federally established minimum wage, as well as overtime, to certain types of employees." 29 U.S.C. §§ 206(a), 207(a). An employer who violates the FLSA must pay the affected employee "the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and [] an additional equal amount as liquidated damages." *Id.* § 216(b). "The statute of limitations for the FLSA is two years for non-willful violations and three years for willful ones." 29 U.S.C. § 255(a); *see also Boaz v. FedEx Customer Information Services, Inc.*, 725 F.3d 603, 605 (6th Cir. 2013). "A violation of the FLSA is willful if an employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, 2021 WL 103636, at *14

(E.D. Mich. 2021) (citations and internal quotations omitted). The Department of Labor's regulations explain that "an employer's conduct shall be deemed to be in reckless disregard of the requirements of the Act, among other situations, if the employer should have inquired further into whether its conduct was in compliance with the Act, and failed to make adequate further inquiry." *Id*. (quoting 29 C.F.R. § 578.3(c)(3)).

Both sets of FLSA violations alleged in Tribuzio's Amended Complaint occurred in 2017, more than two years before Tribuzio commenced this action in 2020. She has not alleged that Beaumont committed any willful violations within the meaning of the FLSA. Tribuzio's FLSA claim cannot proceed and Beaumont's motion to dismiss is granted because the claim is time barred.

### 2. *Count II, Negligence*

In Count 2 of the Amended Complaint, Tribuzio contends that Beaumont is liable for negligence for the radiation injury she suffered in the IORT room. Tribuzio alleges Beaumont was negligent in failing to provide a safe environment for Tribuzio to work in as a nurse. Beaumont argues that Tribuzio's workplace injury claim is precluded by the exclusive remedy provision of the Michigan Workers' Disability Compensation Act ("WDCA") Mich. Comp. Laws § 418.131(1). Beaumont argues that Tribuzio has not pled any facts that give rise to an intentional tort exception to the WDCA. Beaumont further argues that Cheryl Schultz, Carol Schmidt and Dr.

Peter Chen, Beaumont Staff, should be dismissed from the lawsuit because there are no allegations that support liability against them.

The WDCA permits employees to recover when they are intentionally injured on the job by the employer. Mich. Comp. Laws § 418.131. An employer intended to injure the employee, if the employer had actual knowledge that an injury was certain to occur and willfully disregards that knowledge." Mich. Comp. Laws § 418.131(1); *see also Hetterscheidt v. Aleris Specification Alloys, Inc.,* 687 Fed.Appx. 462, 464 (6th Cir. 2017). "An injured employee may establish the specific intent to injure in one of two ways: (1) by demonstrating that the employer made a conscious choice to injure an employee and ha[s] deliberately acted or failed to act in furtherance of that intent," *Palazzola v. Karmazin Prods. Corp.,* 223 Mich.App. 141, 565 N.W.2d 868, 873 (1997), or (2) "by showing that the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge." *House v. Johnson Controls, Inc.*, 248 Fed.Appx. 645, 647, 2007 WL 2728546, at *2 (6th Cir. 2007) (internal quotations omitted) (quoting *Travis v. Dreis & Krump Mfg. Co.*, 453 Mich. 149, 551 N.W.2d 132, 138 (1996))

Tribuzio has not pled any facts that support Beaumont intentionally exposing her to radiation. Tribuzio is required to show Beaumont made a conscious choice to injure her and deliberately acted or failed to act in furtherance of that intent. *Travis*, 453 Mich. at 180, 551 N.W.2d 132. Tribuzio alleges that she was rescheduled at the

last minute to a radiation room, but does not go so far as to allege that Beaumont deliberately or consciously exposed her to radiation. If anything, Beaumont alleges exactly what the WDCA contemplated, an unintentional injury at the workplace.

Here, it was caused by an apparent miscommunication. This is evidenced by the conversation that takes place between Tribuzio and Jane Doe in the radiation room. Jane Doe asked Tribuzio "where is your dosimeter?" and then instructs Tribuzio that it was hanging outside the room with her name on it (ECF No. 6, PageID.77).

While Tribuzio does not plead an intentional injury by Beaumont in her Amended Complaint, she cites to *Bagby* to support her claim of intentional injury by Beaumont. However, the Court in *Bagby* found that the plaintiff did **not** provide evidence that the employer defendant had any actual knowledge that an injury was certain. *Bagby v. Detroit Edison Co.*, 865 N.W.2d 59, 63, 308 Mich.App. 488, 494 (Mich. App. 2014). Still, Tribuzio failed to provide any deliberate act or omission that contributed to her radiation injury. She has provided no evidence that anyone in the radiation room knew that any of these acts or omissions was certain to result in a radiation injury.

Lastly, because Tribuzio failed to allege any deliberate acts or omissions that caused her radiation poisoning, the Beaumont Staff Defendants Cheryl Schultz,

Carol Schmidt and Dr. Peter Chen are dismissed from the lawsuit because are no factual allegations that support liability against them in the Amended Complaint.

### C. Defendant's Motion for Sanctions

#### 1. *Plaintiff's Conduct*

Beaumont argues that it was unreasonable for Tribuzio to include in her Amended Complaint, Counts I and II, including Beaumont Staff Defendants Cheryl Schultz, Carol Schmidt and Dr. Peter Chen, because there were no reasonable factual basis for the claims. Beaumont argues that it conferred, explaining such to Tribuzio, and, because she still did not agree to Beaumont's position, sanctions are warranted. Beaumont further argues that its decision to seek sanctions was contemplated and meticulous.

Tribuzio responds that no discovery has taken place and that her claims are warranted by existing law or by a nonfrivolous argument for extending, modifying or revising existing laws. Tribuzio argues that Beaumont does not argue or asserts that her claims were presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Rule 11 of the Rules of Civil Procedure states the following:

> (b) Representations to the Court. By presenting to the
> court a pleading, written motion, or other paper—
> whether by signing, filing, submitting, or later advocating
> it—an attorney or unrepresented party certifies that to the
> best of the person's knowledge, information, and belief,

11

> formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)–(3). ). Rule 11 sanctions should be awarded when the attorney's conduct was not reasonable under the circumstances. *Tahfs v. Proctor,* 316 F .3d 5 84, 594 (6th Cir. 2003). The test of reasonableness in objective, not subjective. *Eisman v. Standard Fed. Bank (Michigan),* 238 F. Supp. 2d 903, 908-09 (E.D. Mich. 2003) ("[Counsel's subjective belief in the propriety of the pleading is irrelevant in determining whether Rule 11 has been violated since that assessment must be made using an objective test of reasonableness under the circumstances."). For purposes of assessing whether sanctions should be awarded, counsel's conduct is measured by an objective standard of reasonableness under the circumstances. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997).  In deciding whether to impose sanctions, a court may consider factors such as whether the improper conduct "was part of a pattern of activity, or an isolated event" and

whether it "infected the entire pleading, or only one particular count or defense." Fed. R. Civ. P. 11 advisory committee notes to 1993 Amendments.

As noted by the Sixth Circuit in *Ridder*, the application of the 1983 version of Rule 11 provoked considerable commentary and was criticized for spawning satellite litigation, abusing the rule's potential as a fee-shifting device, exacerbating incivility among lawyers and between bench and bar, chilling creative advocacy, and disproportionately impacting plaintiffs over defendants, particularly in the civil rights arena. *Ridder*, 109 F.3d at 293. Responding to these concerns, Rule 11 was substantially revised in 1993. In a significant turnabout, the amended rule now makes the imposition of sanctions for violations discretionary, rather than mandatory. In line with Rule 11's goal of deterrence, rather than compensation, the amended rule also de-emphasizes monetary sanctions and discourages direct payouts to the opposing party and that if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty, unless the arguments and facts are used to harass, cause unnecessary delay or needlessly increase the cost of litigation. FED.R.CIV.P. 11 Advisory Committee Notes (1993 Amendments). *Id.* at 294.

The Court finds that although Tribuzio should have researched the FLSA statute of limitations issue, and should have factually supported any intentional actions by the individual Defendants in the negligence claim, Tribuzio's claims in these counts did not infect the entire "pleading." The Court does not find that the

13

claims in the Amended Complaint were used to harass, cause unnecessary delay, or needlessly increase the cost of litigation in this case, since Defendants moved to dismiss Counts I and II before substantive discovery could be held on these counts. The Court finds that Tribuzio's conduct is not so objectively unreasonable under the circumstances as to warrant sanctions under Rule 11.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion for Partial Dismissal as to Counts I and II **(ECF No. 13)** is **GRANTED**. **Counts I (FLSA) and II (Negligence) are DISMISSED**. The remaining claim in Count III (Violation of ELCRA) remains.

IT IS FURTHER ORDERED that Defendants' Motion for Rule 11 Sanctions **(ECF No. 15)** is **DENIED**.

IT IS FURTHER ORDERED that the parties file a joint status report with proposed deadlines and dates by **April 15, 2024**. A status conference regarding setting further dates will be held on **April 30, 2024, 2:30 p.m.**

<u>S/DENISE PAGE HOOD</u>
DENISE PAGE HOOD
United States District Judge

DATED: March 31, 2024